# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-1591

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Jose Manuel Avalos Banderas, also known as Jose Avalos, also known as Gallo,

*Defendant - Appellant*.

————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

————————

Submitted: January 10, 2022
Filed: July 13, 2022

————————

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

————————

COLLOTON, Circuit Judge.

Jose Avalos Banderas appeals an order of the district court[*] denying his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1). We conclude that the court did not abuse its discretion, and therefore affirm.

———————————————

[*]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Section 3582, as amended by the First Step Act of 2018, provides that the district court may reduce a defendant's term of imprisonment under certain circumstances. The court, after considering the factors set forth in 18 U.S.C. § 3553(a), may reduce a sentence if it finds that extraordinary and compelling reasons warrant a reduction, and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

In his motion for this so-called "compassionate release," Avalos Banderas alleged that the COVID-19 pandemic constituted an extraordinary circumstance justifying a reduction in his sentence. The court initially directed the probation office to obtain Avalos Banderas's medical records and to prepare a recommendation on his motion. The probation office instead filed a letter recommending that the inmate's motion be denied because he will be deported when he is released from federal custody. Avalos Banderas objected to the suggested reliance on his expected deportation, and asked the court to follow up on its original direction to the probation office. He also stated that his plan if released was to live in Michoacán, Mexico, with a doctor who is also his medical provider. The court then entered an order denying the motion for reduction of sentence.

Avalos Banderas argues on appeal that the court improperly relied on the fact that he was subject to removal to Mexico. We reject this contention because it mischaracterizes the district court's order. Although the probation office cited the removal order as a reason to deny the motion, the court did not adopt that reasoning. Rather, the court explained that (1) Avalos Banderas "is no more safe in Mexico than he would be if he continued to be held" in the custody of the Bureau of Prisons, and (2) Avalos Banderas "is potentially a very dangerous person."

These are permissible considerations under the statute. Avalos Banderas asserted that the COVID-19 pandemic was an extraordinary and compelling circumstance warranting a reduction in his sentence. In evaluating his claim, the

court properly considered the relative health risks to the inmate if he remained in federal custody and if he were released. An inmate's reference to the pandemic calls for "an individualized inquiry, not a widespread release of inmates," *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021), and the court did not abuse its discretion by considering whether compassionate release would reduce Avalos Banderas's risk of contracting COVID-19 or developing complications. That the inmate presented a potential danger to the public if released is also a permissible consideration. *See* 18 U.S.C. § 3553(a)(2)(C).

Avalos Banderas also contends that the district court abused its discretion by failing to consider relevant information. He argues that the court should have ordered the probation office to investigate his health vulnerabilities, the rates of infection and death from COVID-19 at his facility, and his release plan. But the inmate bears the burden to establish that compassionate release is warranted, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016), and the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion. Avalos Banderas did not allege or show that he is particularly susceptible to contracting COVID-19 while incarcerated or to experiencing complications from the disease. Nor did he show that release and removal to Mexico is likely to reduce the risk that he would contract the virus or suffer complications. That Avalos Banderas proposes to reside with a doctor is not sufficient to refute the district court's finding that he would be no safer if he were released.

Avalos Banderas asserts that the district court mistakenly relied on concern that he would present a danger to the public if released, without considering evidence of his more recent good behavior. Avalos Banderas presented no prison records in support of his motion, although he did assert that he participated in recidivism reduction programming and "maintained excellent conduct" at his current facility. We presume that the court considered these asserted mitigating factors. *United States v. Rodd*, 966 F.3d 740, 748 (8th Cir. 2020). But it was also appropriate for the court

to consider that Avalos Banderas had threatened three trial witnesses in his most recent prosecution, and that he was convicted earlier for offenses that involved "threatening to kill his girlfriend, holding her captive, and physically assaulting and strangling her." *United States v. Avalos Banderas*, 858 F.3d 1147, 1150 (8th Cir. 2017). The court permissibly concluded that Avalos Banderas's previous violent conduct weighed against a reduction in sentence despite his assertion of good behavior while incarcerated.

The judgment of the district court is affirmed.

KELLY, Circuit Judge, dissenting.

Though the court recognizes that motions for compassionate release based on risks posed by the COVID-19 pandemic require an individualized inquiry, Marcussen, 15 F.4th at 858, it ignores the fact that no such inquiry was conducted below. The district court denied Avalos Banderas's motion for compassionate release because Avalos Banderas "is no more safe in Mexico than he would be if he continued to be held" by the Bureau of Prisons. But the district court considered no medical records, no information about how the prison was handling the pandemic, and no information about the pandemic risks Avalos Banderas would face in Mexico if he were released. And at least as to the medical records, it could not have done so because the probation office declined to provide Avalos Banderas's records as ordered by the district court.

The district court also stated in a footnote, "I previously found Mr. Banderas 'is potentially a very dangerous person.' I continue to have that same concern," referencing a post-sentencing decision from 2016. But the court engaged in no analysis and offered no explanation as to why it continued to have this concern. And again, no such inquiry could have been conducted below because neither the court nor the parties had any information from the prison about Avalos Banderas's

rehabilitation in the five years since the district court reduced his sentence pursuant to a retroactive change to the Guidelines.

A district court may not be required to develop the record in support of a motion for compassionate release, but it cannot draw unsupported conclusions in the absence of an adequate record. Unlike United States v. Rodd—where this court was "confident the district court appropriately reviewed the record evidence and found [the defendant's] case not sufficiently persuasive to warrant relief," 966 F.3d at 748—here there was no record below for the district court to consider. To rely on unfounded assumptions to decide Avalos Banderas's motion runs afoul of even our highly deferential review standard.

Moreover, the plain text of § 3582(c)(1)(A) does not preclude federal courts from considering motions for compassionate release brought by defendants subject to final orders of removal. Even if the fact that a defendant is subject to a final order of removal could be considered as part of a district court's discretionary analysis of the § 3553(a) factors, an issue this court has not previously addressed, that fact does not preclude eligibility for compassionate release. Cf. United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019) ("That the court might properly deny relief at the discretionary second step does not remedy any error in determining ineligibility at the first step," when deciding Section 404 motions under the First Step Act, 18 U.S.C. § 3582(c)(2)). The court is right: the district court did not expressly state that it was basing its decision to deny the motion on the fact that Avalos Banderas "was subject to removal to Mexico." But the court expressly relied on Avalos Banderas's expected arrival in Mexico to deny his motion for compassionate release, and the reason he would be in Mexico is that he has a pending order of removal. In my view, it was error to rely on this factor alone, without an individualized inquiry of whether extraordinary and compelling circumstances existed to warrant a sentence reduction.

On appeal, the government asserts the "district court properly weighed the risk of harm presented to the public by releasing Avalos Banderas against the risk of harm to Avalos Banderas if he contracted COVID-19 while incarcerated." But that is not

what the district court's order says. The order does not weigh any of the § 3553(a) factors, the possible risks to Avalos Banderas's health, or the potential public interests. At minimum, I would remand for further consideration by the district court. Cf. United States v. Johnson, 821 F. App'x 670, 671–72 (8th Cir. Sept. 15, 2020) (remanding for further consideration because the court could not determine the district court's reasoning from its opinion).

I respectfully dissent.

_____