**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL CRESPIN,

    Defendant - Appellant.

No. 23-2111
(D.C. No. 1:14-CR-01759-WJ-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Michael Crespin appeals the district court's denial of his request for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly known as compassionate release. Mr. Crespin argues that the district court abused its discretion and that this court should apply the 2023 amendments to the U.S. Sentencing Commission Guidelines' policy statement on motions for compassionate release, U.S.S.G. § 1B1.13, enacted after the district court's ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

Mr. Crespin is currently serving a 156-month prison sentence. He pleaded guilty to armed robbery in September 2015 and was sentenced in April 2016. He is expected to be released into a residential reentry center on November 14, 2025.

Mr. Crespin filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) with the district court in July 2022, after exhausting his administrative remedies with the Federal Bureau of Prisons ("BOP"). The district court appointed counsel, who filed a renewed motion for compassionate release in April 2023.

In his counseled motion, Mr. Crespin argued that the 18 U.S.C. § 3553(a) factors supported his compassionate release.[1] He asserted that his post-conviction rehabilitation and familial connections are favorable aspects of his history and characteristics; his age and familial support mean he has a low likelihood of recidivism; he needs to care for his son with terminal brain cancer, his aging mother, and his grandson; and he has served a majority of his sentence.

A few weeks later, on May 3, 2023, the Sentencing Commission issued a notice and comment regarding amendments to the Guidelines, including amendments to § 1B1.13. Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254,

---

[1] Mr. Crespin also argued that if he were sentenced following the August 2016 amendments to the Guidelines' definition of a "crime of violence," he would no longer be labeled a career offender under the Guidelines, and thus he was eligible for a sentence reduction. He does not raise this issue on appeal, and we do not consider it.

28254 (May 3, 2023). Among other amendments to § 1B1.13, the notice declared that the policy statement would be amended to expressly apply to defendant-filed motions for compassionate release, rather than just those filed by the BOP. *Id.* at 28256–57. It also indicated the intent to address directly and expand the family circumstances that may warrant compassionate release, rather than referencing a more limited set of qualifying family circumstances in the commentary to the policy statement. *Id.* These amendments did not go into effect until November 1, 2023. *Id.* at 28254.

In July 2023, the district court concluded that Mr. Crespin's grounds for compassionate release were not sufficiently extraordinary and compelling to warrant relief. As to Mr. Crespin's family circumstances, the main issue on appeal, the district court explained that, considering the then-controlling version of U.S.S.G. § 1B1.13 (Nov. 2021) and its commentary regarding family circumstances that would justify compassionate release, Mr. Crespin could not show that his family circumstances warranted release because he never argued he was the only available caregiver to his ailing mother and son, as well as his grandson. Indeed, his Presentence Investigation Report ("PSR") indicates he has three adult relatives who could provide the necessary care. Accordingly, the district court denied compassionate release.

On appeal, Mr. Crespin focuses only on his family circumstances, namely his need to care for his son, mother, and grandson. He also claims we should review his motion de novo and give him the benefit of the § 1B1.13 amendments.

## II.    DISCUSSION

### A.    *Standard of Review*

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . ." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). "This rule of finality is subject to a few narrow exceptions[,] one of which is contained in [18 U.S.C.] § 3582(c)(1), sometimes called the compassionate release statute." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) (alterations in original) (internal quotation marks omitted). We have adopted a three-part test for reviewing compassionate release motions, pursuant to the plain text of 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021). At step one, "a district court must [] find whether extraordinary and compelling reasons warrant a sentence reduction." *United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (internal quotation marks omitted). At step two, a district court must "find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (quotation marks omitted). Finally, at step three, a district court must "consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks omitted). "A district court may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *Hemmelgarn*, 15 F.4th at 1029 (alteration in original) (internal quotation marks omitted).

We review a district court's order denying compassionate release for an abuse of discretion. *Id.* at 1031. "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quotation marks omitted). "Because the weighing of the § 3553(a) factors is committed to the discretion of the district court, we cannot reverse unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021) (internal quotation marks omitted).

### B.     Applicability of the Guidelines' 2023 Policy Statement Amendments

Mr. Crespin argues that we should consider his motion for compassionate release de novo under the § 1B1.13 amendments that have now gone into effect. "As a general rule, it is the guidelines provisions in effect at the time of sentencing that must be applied by the district court." *United States v. Kissick*, 69 F.3d 1048, 1052 (10th Cir. 1995), *abrogated on other grounds by United States v. Horey*, 333 F.3d 1185, 1187–88 (10th Cir. 2003). And again, we review the denial of compassionate release for abuse of discretion, and failure to apply proposed amendments is not a legal error. *See id.*; *Hemmelgarn*, 15 F.4th at 1031.

We may, however, apply the Guidelines de novo on appeal in the limited circumstance when there is an intervening amendment to the Guidelines with retroactive effect. *See Kissick*, 69 F.3d at 1052. "Congress has granted the Sentencing Commission the authority to determine whether and to what extent guidelines amendments that reduce sentences will be given retroactive effect." *Id.* "Pursuant to

5

28 U.S.C. § 994, the Commission has promulgated [U.S.S.G.] § 1B1.10, which lists specific amendments that sentencing courts may apply retroactively to reduce a defendant's sentence." *Id.* However, "even if an amendment is not listed in [U.S.S.G.] § 1B1.10, sentencing and reviewing courts may still give retroactive effect to amendments that are 'clarifying (as opposed to substantive).'" *Id.* (quoting *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995)).

Because § 1B1.10 does not list the 2023 amendments to § 1B1.13, we must review whether the amendments are substantive or clarifying. *See* United States Sentencing Commission, *Guidelines Manual*, § 1B1.10(d), p.s. (Nov. 2023). In determining whether a Guidelines amendment is substantive or clarifying, "[a] variety of factors may be considered, including the Commission's characterization of the amendment, whether the amendment changes the text of the guidelines or merely the accompanying commentary, and whether the amendment alters the controlling pre-amendment interpretation of the guideline at issue." *Kissick*, 69 F.3d at 1052.

We conclude the § 1B1.13 amendments are substantive and may not be retroactively applied to Mr. Crespin's motion. Under the Guidelines in effect at the time of the district court's decision, the commentary to § 1B1.13 stated that extraordinary and compelling reasons under the heading of family circumstances included "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, comment. (n.1(C)) (Nov. 2021). The body of

6

the policy statement, however, referenced only the requirement that "extraordinary and compelling reasons warrant the reduction." *Id.* § 1B1.13(1)(A), p.s. (Nov. 2021).

Under the 2023 amendments, the policy statement now specifically enumerates family circumstances courts may consider in deciding a motion for compassionate release.[2] *See id.* § 1B1.13(b)(3), p.s. (Nov. 2023). These are substantial edits to the text of the policy statement, given that these circumstances are now enumerated in the body of the policy statement itself, rather than the commentary, and the amendments have expanded upon the types of family circumstances which may be considered in granting compassionate release. These substantial edits favor a conclusion the amendment is substantive, rather than clarifying. *See Kissick*, 69 F.3d

---

[2] The circumstances enumerated under the 2023 amendments are:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual . . . .

U.S.S.G. § 1B1.13(b)(3), p.s. (Nov. 2023).

7

at 1052; *see also id.* at 1053 ("[A]n amendment that effectively overrules existing precedent should be classified as substantive rather than clarifying.").

Additionally, the Sentencing Commission explained in its notice regarding this amendment that "[t]he amendment expands the list of specified extraordinary and compelling reasons . . . to better account for and reflect the plain language of section 3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement." 88 Fed. Reg. at 28257. This characterization of the amendment as aligning the policy statement more firmly with judicial trends and the governing statutory framework suggests that the Commission intended to make a substantive overhaul to § 1B1.13. *See Kissick*, 69 F.3d at 1052. We accordingly hold that the amendments are substantive, rather than clarifying, and we thus may not retroactively apply the 2023 amendments to § 1B1.13 de novo to Mr. Crespin's motion for compassionate release.

### C.    *Extraordinary and Compelling Reasons*

Mr. Crespin also raises several arguments asserting that the district court abused its discretion in denying his motion for compassionate release. We conclude the district court did not abuse its discretion in reviewing Mr. Crespin's motion.

First, Mr. Crespin argues that the district court erred by declaring itself not bound to § 1B1.13 in evaluating Mr. Crespin's motion for compassionate release. At the time the district court decided Mr. Crespin's motion, § 1B1.13 was not an applicable policy statement to a motion for compassionate release filed by a defendant and instead applied only to BOP-filed motions. *See* U.S.S.G. § 1B1.13, p.s. (Nov. 2021).

During that time, we accordingly held district courts were not bound by § 1B1.13 in deciding defendant-filed motions. *McGee*, 992 F.3d at 1050; *see also Maumau*, 993 F.3d at 836–37. Thus, although the district court in this case referred to § 1B1.13 (Nov. 2021) for guidance, the court correctly concluded that it was not bound by the applicable policy statements in determining whether Mr. Crespin demonstrated extraordinary and compelling reasons for compassionate release.[3]

Mr. Crespin also makes several allegations that the district court abused its discretion in reviewing his assertions that he is entitled to compassionate release for extraordinary and compelling reasons and nevertheless denying relief. We conclude that the district court did not abuse its discretion.[4]

---

[3] Were the district court considering this motion today, § 1B1.13 as applied to step two would constrain the court's discretion under step one. When a district court considers whether a defendant has shown extraordinary and compelling reasons for release under step one of the § 3582(c)(1)(A) three-part test, the court's discretion "is bounded by the requirement under step two of the statutory test that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). And the § 1B1.13 amendments explicitly expanded applicability of the policy statement to defendant-filed motions for compassionate release in November 2023. U.S.S.G. § 1B1.13(a), p.s. (Nov. 2023). But the district court was not so constrained when deciding this motion in July 2023. *See Maumau*, 993 F.3d 836–37; *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021).

[4] Mr. Crespin also asserts that "if there was any question of fact, [the district court] should have held an emergency evidentiary hearing to address it." Appellant's Br. at 12–13. We review the district court's decision to deny a compassionate-release evidentiary hearing for abuse of discretion. *See United States v. Pinson*, 835 F. App'x 390, 395 n.6 (10th Cir. 2020) (unpublished). There is no requirement under § 3582(c)(1)(A) for district courts to hold evidentiary hearings on motions for compassionate release. *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 n.3 (10th Cir. 2021). Additionally, before the district court, Mr. Crespin moved for an evidentiary hearing only in a conclusory statement at the end of his reply brief,

Mr. Crespin argues that the district court made a clear error by finding that he was not the only available caregiver for his son.[5] On this point, Mr. Crespin seems to assert that the district court erred by misunderstanding his letter to the court on his family situation, which he claims states that his son has no one to care for him as he fights cancer due to his mother's death, his being unmarried, and Mr. Crespin's current wife's illness. But this letter does not establish that Mr. Crespin's wife cannot care for his son due to her illness. In the letter, Mr. Crespin stated, "[M]y wife has been doing her best to help him." ROA at 479. Furthermore, Mr. Crespin represented in his reply brief before the district court that "[h]is wife, who was recently diagnosed with congestive heart failure and is struggling to manage her health condition as well, has had to take on the increasingly difficult task of helping her own family as well as helping care for [Mr. Crespin's] son." *Id.* at 471. While this

---

without any argument or support in the record. "[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). Because Mr. Crespin failed to adequately move for a hearing before the district court, the district court did not abuse its discretion by not granting an evidentiary hearing on the motion.

[5] Mr. Crespin also claims the district court erred as a matter of law in concluding that he needed to show he had an incapacitated minor child without a caregiver to be entitled to compassionate release to care for the child. But the commentary for the then-controlling Guidelines policy statement explicitly contemplates that a defendant shows an extraordinary and compelling reason by establishing "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, comment. (n.1(C)(i)) (Nov. 2021). And again, in any event, the district court was not bound by the then-controlling policy statement because it applied only to BOP-filed motions for compassionate release. *Maumau*, 993 F.3d at 836–37; *McGee*, 992 F.3d at 1050.

letter suggests that Mr. Crespin's wife is facing challenges in caring for herself and her family, we cannot conclude the district court clearly erred in finding that Mr. Crespin's son is receiving care as he fights cancer. *See Hald*, 8 F.4th at 949 ("[W]e cannot reverse unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." (internal quotation marks omitted)). Additionally, as the Government points out, the medical records Mr. Crespin filed with his motion illustrate that Mr. Crespin's son is doing well and has a care network of family and friends helping him through treatment.

Mr. Crespin also briefly notes that the record shows that his minor grandson needs care. But Mr. Crespin cites no record evidence making this showing. And the weight of authority indicates that the defendant carries the burden on a motion for compassionate release to show he is entitled to relief. *See United States v. Snyder*, No. 22-3089, 2023 WL 370901, at *3 (10th Cir. Jan. 24, 2023) (affirming district court's conclusion on abuse of discretion review that the defendant did not meet his burden to show "an extraordinary and compelling circumstance warranting a sentence reduction"); *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (placing the burden to show entitlement to compassionate release under § 3582(c)(1) on the defendant); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) ("A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence."); *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021) ("The moving defendant bears the burden

of establishing that such a 'compassionate release' is warranted under

[§ 3582(c)(1)].""). Mr. Crespin's failure to support this claim defeats his argument.

Mr. Crespin next argues that the district court erred in finding he was not the

only available caregiver for his mother. Mr. Crespin asserts that "the only current

information before the district court was that Mr. Crespin's sister is not able to be the

sole caregiver to their 83-year-old mother." Appellant's Br. at 12. But the record

citation provided does not even address his family circumstances. Mr. Crespin goes

on to assert that the district court erred when it "based its finding on general

information in Mr. Crespin's [PSR] from eight years ago, which merely indicated that

he has a sister and two other adult children." *Id.* But the PSR was on the record

before the district court on this motion. Furthermore, Mr. Crespin cited the PSR in

his reply brief before the district court. And Mr. Crespin provided no additional

information to the district court to show that he would be the only available

caregiver. The district court committed no clear error by relying on the PSR to reach

its conclusion that other caregivers are available for Mr. Crespin's mother.

Finally, Mr. Crespin asserts that the district court erred in not granting relief

under the "catch-all" provision of the then-controlling policy statement. *See* U.S.S.G.

§ 1B1.13, comment. (n.1(D)) (Nov. 2021). But again, the district court was not bound

by any of the § 1B1.13 (Nov. 2021) provisions because prior to the 2023

amendments, § 1B1.13 applied only to motions filed by the BOP. *See Maumau*,

993 F.3d at 836–37; *McGee*, 992 F.3d at 1050. And in any event, Mr. Crespin has

failed to provide any basis for relief under the discretionary catch-all provision of the

policy statement that has not already proved inadequate under the other provisions of the non-binding policy statement. The district court made no legal error here.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Crespin's motion for compassionate release.

Entered for the Court


Carolyn B. McHugh
Circuit Judge