**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY VAUGHN PINSON,

    Defendant - Appellant.

Nos. 23-6175 & 23-6178
(D.C. Nos. 5:06-CR-00114-R-1 &
5:07-CR-00023-R-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **ROSSMAN**, Circuit Judges.
_____

Defendant Jeremy Vaughn, a federal prisoner proceeding pro se, filed for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in the United States District Court for the Western District of Oklahoma and was denied relief. She[1] then unsuccessfully filed for reconsideration in that court. She appeals, raising two main issues: that the district court (1) "insufficiently explained its reasoning," and (2)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We follow the gender attribution used by the district court.

"abused its discretion in denying relief prior to full briefing." Aplt. Br. at 3 (capitalization omitted). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's denial of Defendant's request for compassionate release.

## I.    BACKGROUND

Defendant was born in 1986. She has a long history of adjudications for criminal offenses dating back to age 13. At age 17 she was convicted of embezzlement and sentenced to 18 years' imprisonment with all but three years suspended. During that incarceration Defendant was convicted in 2006 of threatening then-President George W. Bush. While awaiting sentencing she pleaded guilty to making false statements (about an inmate planning to kill the judge who would be sentencing her) and to mailing a threatening communication (to a juror in her trial). For those three convictions Defendant was sentenced to 240 months' imprisonment. Defendant appealed her jury convictions and sentence, and this court upheld them. *See United States v. Pinson*, 542 F.3d 822 (10th Cir. 2008). While in prison Defendant has amassed a lengthy disciplinary record of more than 90 incidents, with two as recent as 2023.

Defendant first filed a motion under § 3582 for compassionate release in January 2020 and was denied relief because she did not exhaust her administrative remedies with the Bureau of Prisons as required by the statute. Defendant filed a second motion for compassionate release that July, claiming that COVID-19 put her "at an extreme risk of death" because of her underlying health conditions of "asthma,

obesity, hormone therapy and a history of hypertension." Supp. R., Vol. I at 32. The

district court denied the motion, finding that Defendant's medical records did not

support her health claims, other than obesity. Further, the court found her underlying

convictions and extensive prison disciplinary record weighed against early release

and that it would be "nearly impossible to conclude that Defendant is not a danger to

the safety of other people or the community." Supp. R., Vol. I at 64. This court

affirmed the district court's denial of her § 3582 motion. *See United States v. Pinson*,

835 Fed. App'x 390 (10th Cir. 2020).

Defendant's third attempt at compassionate release has fared no better. In its

denial of her third motion for compassionate release, the district court said it need not

resolve the exhaustion issue because it "may only reduce a sentence under

§ 3582(c)(1)(A) if (1) extraordinary and compelling reasons warrant such a

reduction, (2) such a reduction is consistent with applicable policy statements issued

by the Sentencing Commission, and (3) the factors set forth in section 3553(a) to the

extent they are applicable warrant a reduced sentence." R. at 107 (internal quotation

marks omitted); *see United States v. Hald*, 8 F.4th 932, 937–38 (10th Cir. 2021).

Again, Defendant's underlying convictions and extensive ongoing disciplinary record

weighed against her, as they indicated that "she continues to have difficulty

complying with the requirements of incarceration." R. at 107. The court considered

"each of the § 3553(a) factors and [found] the following to be particularly relevant:

the nature and circumstances of the offense[s]; Defendant's history and

characteristics; the need to reflect the seriousness of the offense[s], to promote respect for the laws, and to provide just punishment for the offense[s]; and the need to protect the public from further crimes of Defendant." *Id.* The court recognized that Defendant had raised some potential mitigating factors but found they did not support a sentence reduction. *See id.* Defendant's later motion for reconsideration was denied for substantially the same reasons.

## II.     DISCUSSION

We review for abuse of discretion both "a district court's order denying relief on a § 3552(c)(1)(A) motion" and a "decision to reconsider a prior ruling." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (citations and internal quotation marks omitted). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted).

Defendant first complains that the district court insufficiently explained its reasoning and that it must "explain what the judge found persuasive in each 3553(a) factor." Aplt. Br. at 6. But while § 3553 "imposes on the [sentencing] court a duty to 'consider' a variety of important sentencing considerations, . . . it nowhere imposes on the court a duty to address those factors on the record." *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017), *aff'd,* 585 U.S. 109 (2018) (further internal quotation marks omitted). And a court considering a sentence reduction need not do anything more in explaining its decision than a court imposing a defendant's

original sentence. *See Hald*, 8 F.4th at 948. The district court stated that Defendant's serious crimes and "her long record of disciplinary infractions, including a recent infraction on February 23, 2023 for threatening bodily harm to a staff member, indicates that she continues to have difficulty complying with the requirements of incarceration." R., Vol I at 107. It added that it had "considered each of the § 3553(a) factors" and acknowledged that Defendant had "identified some potential mitigating factors." *Id.* "At bottom, the sentencing judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Chavez-Meza v. United States*, 585 U.S. 109, 113 (2018) (internal quotation marks omitted). The district court's explanation for its decision fulfilled those requirements.

Defendant also complains that the court abused its discretion by ruling before full briefing. This argument misstates both the record and the relevant legal standard. "[T]he inmate bears the burden to establish that compassionate release is warranted, and the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (citation omitted). Defendant chose when to submit her third motion for compassionate release, and then the burden was on her to support her legal arguments with evidence. *Cf.* Fed. R. Crim. P. 47(d) ("The moving party must serve any supporting affidavit with the motion."). The district court provided her with ample opportunities to do so. The court allowed Defendant to freely

supplement the record up until it disposed of her motion, which she did with several pages of exhibits, declarations, and a news article. And the court said that it had "considered all the letters and filings submitted by Defendant in ruling on her motion." R., Vol. I at 104 n.2. The district court did not abuse its discretion by failing to give Defendant additional (unrequested) opportunities to fulfill her burden of supporting her claims with evidence.

Defendant argues that she should have been provided an evidentiary hearing to dispute her present dangerousness. But an evidentiary hearing may be appropriate only "when any factor important to the sentencing determination *is reasonably in dispute*." *United States v. Piper*, 839 F.3d 1261, 1270 (10th Cir. 2016) (internal quotation marks omitted) (emphasis added). And Defendant has not proffered any evidence to put the issue in dispute.

Finally, Defendant appears to challenge the district court's decision not to appoint her counsel. But "there is no constitutional right to counsel to aid in a defendant's request for compassionate release." *Hemmelgarn*, 15 F.4th at 1032. The decision to appoint counsel is a matter of judicial discretion. *See Engberg v. Wyoming*, 265 F.3d 1109, 1121–22 (10th Cir. 2001). And as the district court explained, it did not appoint counsel here because "Defendant's claim is not particularly complex factually or legally, and Defendant's filings show that she is able to adequately present her claim." R., Vol. I at 108. The district court did not abuse its discretion in so concluding.

### III.    CONCLUSION

We **AFFIRM** the district court's denial of Defendant's § 3582(c)(1)(A)

motion for compassionate release.

Entered for the Court


Harris L Hartz
Circuit Judge