**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TONY LEROY CLEVELAND,

    Defendant - Appellant.

No. 24-5025
(D.C. No. 4:08-CR-00163-JFH-1)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Tony Leroy Cleveland appeals the district court's order denying his motion for compassionate release.[1]  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Cleveland represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  BACKGROUND

### A.  Legal Framework

The compassionate-release provision creates an exception to the general rule prohibiting courts from modifying a prison term after it has been imposed. *See United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021).  A district court may *grant* compassionate release if it finds that all three of the following factors are met:

1. "extraordinary and compelling reasons warrant" a reduced sentence;

2. a "reduction is consistent with applicable policy statements" from the Sentencing Commission; and

3. a reduction is warranted after considering the applicable sentencing factors listed in 18 U.S.C. § 3553(a).

§§ 3582(c)(1)(A)(i), (ii), & (c)(2); *see also United States v. Hald*, 8 F.4th 932, 937-38 (10th Cir. 2021).  A district court may *deny* a compassionate-release motion if it finds against the defendant on any one of these requirements, so if it finds against him on one, it need not address the others.  *See Maumau*, 993 F.3d at 831 n.4.

The defendant has the burden to show he is entitled to relief.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022) (placing the burden to show entitlement to compassionate release under § 3582(c)(1) on the defendant); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) ("A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence.").

Effective November 2023, the Sentencing Commission amended its policy statement regarding motions for compassionate release to add several new grounds that constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13(b). Two of those new grounds are relevant here. The first is that the movant has health risk factors that place him "at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or ongoing public health emergency" at his facility and "such risk cannot be adequately mitigated in a timely manner." *Id.* § 1B1.13(b)(1)(D). The second is that the movant has served at least 10 years of an "unusually long sentence" and a change in the law (other than a nonretroactive amendment to the sentencing guidelines) "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* § 1B1.13(b)(6).

**B**. **Procedural History**

Mr. Cleveland pleaded guilty to one count of interference with commerce (Hobbs Act robbery), *see* 18 U.S.C. § 1951, and two counts of possession of a firearm in furtherance of a crime of violence, *see* 18 U.S.C. § 924(c). Pursuant to the plea agreement, the remaining six counts, including two additional § 924(c) counts, were dismissed. The district court determined the applicable Guidelines range was 571 to 608 months. As pertinent here, the range was based on the then-applicable requirement that consecutive sentences be imposed for multiple § 924(c) convictions, and the court's finding that Mr. Cleveland's prior state convictions for robbery with a firearm and assault with a dangerous weapon made him a career

3

offender.  The court sentenced him to consecutive prison terms totaling 571 months.

He unsuccessfully sought relief pursuant to 28 U.S.C. § 2255.[2]

Mr. Cleveland has filed three motions for compassionate release.[3]  This appeal

involves the third motion.  All three sought relief based on variations of the same

arguments: (1) changes to the law and Sentencing Guidelines concerning his

career-offender classification and § 924(c) sentences result in a disparity between the

sentence he received and the one he would receive now; (2) his chronic medical

conditions make him vulnerable to COVID-19 and other health risks in his facility,

and the Bureau of Prisons cannot properly treat his conditions or protect him from

those risks; and (3) his medical conditions and/or rehabilitative efforts in prison mean

he is not a threat to the community.

The district court denied the first motion and Mr. Cleveland's motion for

reconsideration, concluding both that he had not shown extraordinary and compelling

reasons for relief and that a reduction was not justified based on the relevant

§ 3553(a) factors.  We affirmed.  *United States v. Cleveland*, No. 21-5045,

2021WL4006179 at \*3 (10th Cir. Sept. 3, 2021) (unpublished).

---

[2] Mr. Cleveland's § 2255 motion challenged the validity of his § 924(c) convictions.  The district court denied the motion and he did not appeal that ruling.  We denied his motion for authorization to file a second or successive § 2255 motion challenging the validity of those convictions under *United States v. Taylor*, 142 S. Ct. 2015 (2022).  *See In re Cleveland*, No. 22-5075, Order at 3 (10th Cir. Sept. 26, 2022).

[3] Before filing his motions in district court, Mr. Cleveland filed a request for compassionate release with the Bureau of Prisons based on his medical conditions and vulnerability to COVID-19.  The warden denied the request.

In ruling on the second motion, the district court rejected Mr. Cleveland's arguments based on his vulnerability to COVID-19 and his rehabilitative accomplishments, but it agreed that his sentencing disparity argument presented an extraordinary and compelling reason for a sentence reduction. Specifically, it concluded (1) he would not be classified as a career offender because Hobbs Act robbery is no longer a crime of violence under U.S.S.G. § 4B1.2(a)[4]; and (2) one of his § 924(c) convictions may no longer be valid, and even if both are still valid, he would no longer be subject to mandatory sentence-stacking for those convictions. The court found that the current Guidelines range for his offenses is lower—168 to 189 months—than the range used to determine his sentence and that his sentence is thus significantly longer than what would be imposed today. Nevertheless, the court denied relief, finding that based on the relevant § 3553(a) factors, Mr. Cleveland's sentence was still appropriate and a reduction was not justified. He did not appeal that order.

That brings us to the motion and order at issue here. This time, his arguments focused on the U.S.S.G. § 1B1.13(b) amendments. Specifically, he argued that his chronic medical conditions combined with the ongoing COVID-19 outbreak and other health-related risks at his facility, including black mold, constituted an extraordinary and compelling reason for relief under § 1B1.13(b)(1)(D). He also argued that he established an extraordinary and compelling reason under

---

[4] *See United States v. O'Connor*, 874 F.3d 1147, 1158-59 (10th Cir. 2017).

§ 1B1.13(b)(6), because he has served more than 10 years of his unusually long sentence and there is a gross disparity between the sentence he is serving and the sentence he would receive if sentenced today. With respect to the § 3553(a) factors, Mr. Cleveland said the court was already "familiar with [his] post-sentencing accomplishments," R. vol. 1 at 216, and asserted that he "does not pose a threat to the public," *id.* at 217. He asked the court to reduce his sentence to 273 months.

The district court denied relief. It rejected Mr. Cleveland's argument under § 1B1.13(b)(1)(D), explaining that although he "suffers from chronic health comorbidities," and is "housed in a facility currently affected by an ongoing infectious disease outbreak" of COVID-19, he had "not demonstrated that his imprisonment places him in jeopardy of life-threatening complications," and "the nature of [his] medical diagnoses and his treatment regimen effectively reduce the risk of severe complications or death should he succumb to the disease." R. vol. 1 at 240-41. Consistent with its previous ruling, and based on § 1B1.13(b)(6), the district court agreed that the disparity between his sentence and the likely sentence he would receive today "remains a basis for reduction of sentence." R. vol. 1 at 241. But, it again concluded the "§ 3553(a) factors outweigh[] this basis for relief," and said it would deny the motion based on its § 3553(a) analysis even if he had established another basis for relief under §1B1.13(b)(1) based on his medical circumstances. *Id.*

## II. DISCUSSION

Mr. Cleveland raises two issues on appeal. First, he claims the district court abused its discretion in finding a reduction was not warranted under the § 3553(a)

factors despite finding his sentencing-disparity argument presented an extraordinary and compelling reason for a reduction. Second, he claims the district court erred in concluding that the combination of his medical conditions and the health-related risks in his facility are not an extraordinary and compelling reason for a reduction under § 1B1.13(b)(1)(D). We reject the first argument and do not address the second one. *See Hald*, 8 F.4th at 942 (recognizing that a court may affirm the denial of relief based on the § 3553(a) factors alone).

### A. Standard of Review

District courts are "entrusted with wide sentencing discretion" which "carries forward to later proceedings that may modify an original sentence." *Concepcion v. United States*, 597 U.S. 481, 490-91 (2022) (internal quotation marks omitted). Because the weighing of the § 3553(a) factors is committed to the discretion of the district court both at the time of sentencing and when ruling on a compassionate-release motion, "we cannot reverse unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F. 4th at 949 (internal quotation marks omitted).

The § 3553(a) factors include the nature and circumstances of the offenses; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, deter crime, provide just punishment, protect the public, and avoid unwarranted sentence disparities. In analyzing the § 3553(a) factors, a district court is not required to discuss every factor, and need not mention every

7

mitigating fact a defendant raises to support a compassionate-release motion.
*See Hald*, 8 F.4th at 948.  Rather, the court need only set forth enough to satisfy us
that it considered the parties' arguments and had a reasoned basis for its decision.
*See id.*

## B.  Analysis

The district court's assessment of the § 3553(a) factors focused on the nature
of Mr. Cleveland's offenses and his criminal history.  It explained that the "instant
crimes involved three separate robberies, each involving the brandishing of a firearm
and threats of injury or death," and that during one of the robberies, he discharged a
round in one customer's direction and struck another in the head when he tried to
intervene.  R. vol. 1 at 242.  Concerning his criminal history, the court noted that he
committed the offenses less than a year after being released from state supervision
for five convictions—four for robbery with a firearm and one for assault and battery
with a dangerous weapon—and that he had a history of arrests for violent crimes.
The court described him as a "serial armed robber who has repeatedly demonstrated
he has no reservations about using violence against others," and it found his
"criminal history suggests he will likely reoffend" soon after being released.  *Id.*  It
found that "[t]he extent and serious nature of the instant conduct and [his] extensive
and violent criminal history constitute aggravating factors that heavily weigh against
any modification of sentence" despite his presentation of an extraordinary and
compelling reason for a reduction.  *Id.* at 242-43.  It thus concluded that "the original
sentence is sufficient, but not greater than necessary, to comply with the purposes of

imposing a sentence," and that granting the requested reduction would "produce a sentence that no longer reflects the seriousness of the offenses, promotes respect for the law, and affords adequate deterrence to criminal conduct." *Id.* at 243.

Mr. Cleveland takes issue with how the district court weighed the § 3553(a) factors, arguing that it focused on his "pre-sentencing conduct and prior criminal history, to the exclusion of his substantial efforts at personal improvement and medical hardships." Aplt. Br. at 1. True enough, the district court did not mention his rehabilitative accomplishments in its discussion of the § 3553(a) factors. But it discussed those mitigating facts in its previous order, and he presented no new evidence in this motion—he just referred to his previous motion and supporting evidence. We find no abuse of discretion in the court's failure to re-analyze the same evidence, and we have no reason to think the court disregarded that information when it considered the § 3553(a) factors.

We also see no abuse of discretion in the court's determination that, on balance, the nature of the offenses and Mr. Cleveland's history and characteristics weighed against a sentence reduction despite the existence of an extraordinary and compelling reason for a reduction. Facts that establish extraordinary and compelling reasons for release "are relevant to the § 3553(a) analysis," *Hald*, 8 F.4th at 947, but they are not dispositive, *see id.* at 949 ("[I]f a district court properly denies compassionate release because of the § 3553(a) factors, it is irrelevant how the court viewed whether the defendant had demonstrated extraordinary and compelling circumstances."). Thus, a court may deny relief when, as here, it finds the sentence

imposed remains appropriate under the § 3553(a) factors despite a disparity between that sentence and the one that would be imposed at the time the motion was filed. *See United States v. Warren*, 22 F.4th 917, 921, 929-30 (10th Cir. 2022) (affirming denial of compassionate release where district court assumed career-offender designation would not apply if defendant were resentenced but found the § 3553(a) factors did not favor a sentence reduction).

Having upheld the district court's denial of Mr. Cleveland's motion based on the third compassionate-release factor, we need not address his arguments regarding the other factors. *Hald*, 8 F.4th at 959.

### III.  CONCLUSION

We affirm the district court's order.  We grant Mr. Cleveland's motion for leave to proceed without prepayment of costs and fees.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge
